UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RVRG HOLDINGS LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AVINIE (SHENZHEN) TRADING CO., LTD., DISNEY JOINT FLAGSHIP STORE, DONGGUAN ANKE PRODUCT DESIGN COMPANY LIMITED, DONGGUAN CITY QIHE CLOTHING CO., LTD., DONGGUAN QIANLONG CLOTHING CO., LTD., DONGGUAN QIAOSHOU GARMENT CO., LTD., DONGGUAN SANNIU CLOTHING CO., LTD., DONGGUAN XINSHENG CLOTHING CO., LTD., DONGGUAN XINWEI CLOTHING CO., LTD., FUZHOU JINJUN TRADING CO., LTD., FUZHOU XINGLAN CLOTHING CO., LTD., GUANGZHOU CHANGGOGO TRADING CO., LTD., GUANGZHOU JUXUAN TRADE CO., LTD., GUANGZHOU NEW APPAREL TRADE COMPANY LIMITED, GUANGZHOU QISONG APPAREL CO., LTD., GUIGANG KUN'AN TRADE CO., LTD., HAINING CITY LUO DA KNITTING CO., LTD., HANGZHOU YUHANG YISHAN CLOTHING FIRM, HEFEI OMG IMPORT AND EXPORT CO., LTD., HUAINAN HOWEAR TRADING CO., LTD., HUBEI SENYAO FASHION CO., LTD., JIANGXI JIANYOU TRADE CO., LTD., JIANGXI LEBOND TEXTILE CO., LTD., JIANGXI LOVE NATURE OUTDOOR PRODUCTS CO., LTD., JIANGXI SMILE CLOTHING CO., LTD., JIANGXI UNITE GARMENTS CO., LTD., JIAYIN DESIGN CLOTHING STORE, LANFY CLOTHING FACTORY STORE, MAGIC CASTLE LEGO STORE, MEN CLOTHING GYM SPORTS LEISURE STORE, NANCHANG RUI MAI CLOTHING CO., LTD., QIANJI BOUTIQU STORE, QUANZHOU AOTENG TRADE LTD., QUANZHOU TIANPIN ELECTRONIC COMMERCE CO., LTD., QUANZHOU YAYI CLOTHING CO., LTD., QUANZHOU ZUOXINER CLOTHING CO., LTD., S.FASHION STORE, SHENZHEN MCGREEN | CIVIL ACTION NO.<br>24-cv-6054 (JHR)<br><br><br>[PROPOSED]<br>PRELIMINARY<br>INJUNCTION ORDER |

| |
|---|
| TECHNOLOGY CO., LTD., SHENZHEN SHENGMING YUANYING TRADING CO., LTD., SHISHI GETERUIQU TRADING CO., LTD., SHISHI SHANDONGBING GARMENT TRADE CO., LTD., SHOP1103330756 STORE, SHOP1103599839 STORE, SHOP1103726250 STORE, SHOP1103841516 STORE, SHOP1103993637 STORE, SHOP912624498 STORE, TRENDY TOUCH STORE, WUJIANG HAOYUN CLOTHING CO., LTD., XIAMEN ENKULAI TRADING CO., LTD., XIAMEN JIETONGSHENG TECHNOLOGY CO., LTD., YANTAI TAIYUN CLOTHING CO., LTD., YIWU MOZI E-COMMERCE FIRM, YIWU XINCHUAN CLOTHING CO., LTD., AND Y-M STORE, |
| *Defendants* |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or RVRG** | RVRG Holdings LLC |
| **Defendants** | Avinie (shenzhen) Trading Co., Ltd., Disney Joint Flagship Store, Dongguan Anke Product Design Company Limited, Dongguan City Qihe Clothing Co., Ltd., Dongguan Qianlong Clothing Co., Ltd., Dongguan Qiaoshou Garment Co., Ltd., Dongguan Sanniu Clothing Co., Ltd., Dongguan Xinsheng Clothing Co., Ltd., Dongguan Xinwei Clothing Co., Ltd., Fuzhou Jinjun Trading Co., Ltd., Fuzhou Xinglan Clothing Co., Ltd., Guangzhou Changgogo Trading Co., Ltd., Guangzhou Juxuan Trade Co., Ltd., Guangzhou New Apparel Trade Company Limited, Guangzhou Qisong Apparel Co., Ltd., Guigang Kun'an Trade Co., Ltd., Haining City Luo Da Knitting Co., Ltd., Hangzhou Yuhang Yishan Clothing Firm, Hefei Omg Import And Export Co., Ltd., Huainan Howear Trading Co., Ltd., Hubei Senyao Fashion Co., Ltd., Jiangxi Jianyou Trade Co., Ltd., Jiangxi Lebond Textile Co., Ltd., Jiangxi Love Nature Outdoor Products Co., Ltd., Jiangxi Smile Clothing Co., Ltd., Jiangxi Unite Garments Co., Ltd., Jiayin Design Clothing Store, LANFY Clothing Factory Store, Magic Castle Lego Store, Men clothing gym sports leisure Store, Nanchang Rui Mai Clothing Co., Ltd., Qianji Boutiqu Store, Quanzhou Aoteng Trade Ltd., Quanzhou Tianpin Electronic Commerce Co., Ltd., Quanzhou Yayi Clothing Co., Ltd., Quanzhou Zuoxiner Clothing Co., Ltd., S.fashion Store, Shenzhen Mcgreen Technology Co., Ltd., Shenzhen Shengming Yuanying Trading Co., Ltd., Shishi Geteruiqu Trading Co., Ltd., Shishi Shandongbing Garment Trade Co., Ltd., Shop1103330756 Store, Shop1103599839 Store, Shop1103726250 Store, Shop1103841516 Store, Shop1103993637 Store, Shop912624498 Store, Trendy Touch Store, Wujiang Haoyun Clothing Co., Ltd., Xiamen Enkulai Trading Co., Ltd., Xiamen Jietongsheng Technology Co., Ltd., Yantai Taiyun Clothing Co., Ltd., Yiwu Mozi E-Commerce Firm, Yiwu Xinchuan Clothing Co., Ltd., and Y-M Store |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the |

| | |
|---|---|
| | world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Dirocie Dec.** | Declaration of Yira Dirocie in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Rhude Products** | Men's and women's apparel, accessories, and footwear by the globally successful ready-to-wear brand and design venture evoking streetwear and luxury fashion, Rhude |
| **Rhude Marks** | U.S. Trademark Registration Nos.: 5,827,712 for "RHUDE" for a variety of goods in Class 18; 5,827,706 for "RHUDE" for goods in Class 25; and 5,385,699 for "RHUDE" for a variety of goods in Class 25 |
| **Counterfeit Products** | Products bearing or used in connection with the Rhude Marks, and/or products in packaging and/or containing labels bearing the Rhude Marks, and/or bearing or used in connection with marks that are confusingly similar to the Rhude Marks and/or products that are identical or confusingly similar to the Rhude Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |

| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay Merchant Services Pte. Ltd., Alipay.com Co., Ltd., Ant Financial Services Group ); PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on August 9, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on August 20, 2024, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on September 3, 2024 at 2:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on August 26, 2024, Plaintiff wrote a letter to the Court requesting modification and extension of the TRO, and on the same day, August 26, 2024, the Court granted Plaintiff's request which, *inter alia*, adjourned the Show Cause Hearing to September 17, 2024 at 1:30 p.m. ("August 26, 2024 Order");

WHEREAS, on September 9, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the August 26, 2024 Order on each and every Defendant;

WHEREAS, on September 17, 2024 at 1:30 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and

omissions described in paragraphs vi-viii below, which shall apply worldwide) pending the final hearing and determination of this action or until further order of the Court:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Rhude Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rhude Marks;

   ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

   iii. directly or indirectly infringing in any manner Plaintiff's Rhude Marks;

   iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Rhude Marks to identify any goods or services not authorized by Plaintiff;

   v. using Plaintiff's Rhude Marks or any other marks that are confusingly similar to the Rhude Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

   vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

        Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

  vii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

  viii.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

  ix.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above and 1(b)(i) and 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this

      Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

          i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

          i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

          ii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) through 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants'

Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

    b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

    c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and

5

Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

      ix.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

      x.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Rhude Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rhude Marks.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

      i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

      ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Rhude Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Rhude Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by Alibaba and AliExpress pursuant to **Paragraph V(C)** of the TRO.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party

Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

   e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com; and

   f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them, or by any persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

11. Plaintiff shall, no later than 45 days from the date of this Order, file a status update, which shall include any proposal regarding default judgment proceedings.

The Court granted Plaintiff's order to show cause why a preliminary injunction should not issue during a hearing on September 17, 2024. *See* ECF No. 19.

**SO ORDERED.**

SIGNED this 14th day of November, 2024, at 4:30 p.m.
New York, New York

The Clerk of Court is directed to terminate ECF No. 3.

*Jennifer H. Rearden*
HON. JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE